## OHIO FARMERS' INS. CO. v. PENNSYLVANIA CO. 'FOR INSURANCES ON LIVES AND GRANTING ANNUITIES.

### No. 5409.

Circuit Court of Appeals, Third Circuit.

July 11, 1934.

Horace M. Schell, of Philadelphia, Pa., for appellant.

Thomas P. Mikell, of Philadelphia, Pa. (Saul, Ewing, Remick & Saul, of Philadelphia, Pa., of counsel), for appellee.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

The situation of the parties to this suit and the question involved are stated in the opinion of the court below as follows:

"The suit is by the first mortgagee of insured property against the insuring company, and the case turns upon the construction of the mortgagee clause attached to the policy. The facts, admitted by the pleadings, are as follows:

"On September 9, 1931, buildings owned by one Esther Charlestein and having an agreed value of $43,985 were damaged by fire for a total loss of $24,374.90. At the time of the fire there were two mortgages upon the property—a first mortgage of $30,000 held by the plaintiff and a second mortgage of $15,000 held by a building and loan association. The defendant had insured the property for $30,000 with a standard mortgagee clause making the loss payable to the plaintiff in accordance with its terms. There was also another policy of $15,000 written by another company in favor of the second mortgagee under a similar clause. * * *

"The defendant, conceding that the total insurance upon the property was more than 80 per cent. of its cash value so that the entire loss must be paid to someone, contends that the Co-insurance Clause in the policy is bind-

ing as between it and the plaintiff. And, since the plaintiff's policy is substantially less than 80 per cent. of the cash value of the property, it would follow that the defendant is liable to the plaintiff for only a major fraction of the amount of the loss and to the second mortgagee for the balance. The plaintiff's position is that the Co-insurance Clause is not applicable to it and it therefore claims the entire amount of the loss."

Without entering into details, we may say that if the defendant's contention is right, it has already paid the plaintiff the $16,629.54 payable under the policy. On the other hand, if the plaintiff's contention is right, the defendant owes the plaintiff $3,831.36, which it has not paid, but which it will pay to the second mortgagee. It will thus be seen that the contest is really one between the first and second mortgagees. The court adopted the plaintiff's view, and entered judgment against defendant for the last-mentioned sum, whereupon defendant took this appeal.

We are of opinion the court's construction of the policy in suit was right. As stated by it,

"The mortgagee clause in this policy however contains something in addition to the ordinary standard form. It reads as follows:

" 'New York and Pennsylvania Standard
Mortgagee Clause
(Non-Contribution)

" 'Loss or damage, if any, under this policy, shall be payable to,' etc. Then follows the usual form.

"In my opinion the addition of the words '(Non-Contribution)' indicate an intention on the part of the parties to exclude the mortgagee from the operation of the Co-insurance Clause and should be given that effect."

The policy, as delivered, contained the words "(Non-Contribution)." These words cannot be ignored, and their presence necessitates their being given effect. They were embodied in the contract for some purpose. What other effect can be given them save to make the policy noncontributing? If the words had been "contribution," there could have been no doubt the parties emphasized the fact that there was to be contribution. If so, the addition of "non," "non-contribution," evidenced a contrary intent. The insurance company and the mortgagee agreed to put them where they were put, for some purpose, and we see no warrant for transposing and removing them elsewhere for the benefit of the second mortgagee, who was not a party to the policy contract. Without further discussion, we note we not only agree with the court below, "The view that these words were intended to be an effective part of the contract between the insurer and mortgagee, and, as such, to exclude the Co-insurance Clause is by far the most reasonable construction that can be put upon them," that this construction is the most reasonable, but we go further and hold that, in our view, it is the only reasonable and logical construction that can be put on the provision of this policy, "non-contribution." So holding, the judgment below is affirmed.